IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02688-CMA-BNB

FLOYD'S 99 HOLDINGS, LLC, a Colorado limited liability company,

Plaintiff,

v.

JUDE'S BARBERSHOP, INC.,
JUDE'S BARBERSHOP-OTTAWA, INC.,
JUDE'S BARBERSHOP-CASCADE, INC.,
JUDE'S BARBERSHOP-KALAMAZOO, INC.,
JUDE'S BARBERSHOP-LANSING DT, INC.,
JUDE'S BARBERSHOP-LANSING, INC.,
JUDE'S BARBERSHOP-PORTAGE, INC., Michigan corporations,
JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC,
JBI-WEALTHY, LLC,
JBI-STANDALE, LLC,
JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, Michigan limited liability companies, and
THOMAS MARTIN,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)     The defendants' **Unopposed Motion to Amend Scheduling Order to Permit Certain Depositions** [Doc. # 50, filed 7/5/2012] (the "Deposition Motion"); and

(2)     Defendants' **Motion to Amend Scheduling Order to Permit Certain Written Discovery** [Doc. # 51, filed 7/5/2012] (the "Written Discovery Motion").

A scheduling order may be amended only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this context, good cause exists where the scheduling deadlines could not be met

despite the parties' diligent efforts. Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000).

The Deposition Motion [Doc. # 50] demonstrates good cause to extend the discovery cut-off to allow the depositions of Floyd's pursuant to Rule 30(b)(6) and Paul and Karen O'Brien, due to plaintiff's counsel's unavailability. In view of the need to extend discovery to accommodate these depositions, good cause also exists to extend the dispositive motion deadline.

There is no similar showing of good cause supporting the request to extend the discovery cut-off to allow additional written discovery. The Scheduling Order set the discovery cut-off as July 9, 2012, and required that "[a]ll written discovery must be served so that responses are due on or before the discovery cut-off." Scheduling Order [Doc. # 32] at Part 9. The defendants served written discovery by United States mail on June 8, 2012. The plaintiff's response to that discovery was due 33 days later, on July 11, 2012. See Fed. R. Civ. P. 33(b)(2) (interrogatory answers due within 30 days after being served); Fed. R. Civ. P. 34(b)(2)(A) (response to request for production due 30 days after being served); Fed. R. Civ. P. 36(a)(3) (a matter is deemed admitted unless an answer or objection is served within 30 days after being served with the request); Fed. R. Civ. P. 6(d) (adding three days when service is made by mail). The written discovery was untimely.

The defendants seek to excuse their untimely written discovery, arguing that "[c]ounsel for Defendants were under the impression that the service was timely," Written Discovery Motion [Doc. # 51] at ¶2; the written discovery is highly relevant, Reply [Doc. # 54] at ¶3; the untimeliness "stems entirely from Defendants overlooking the 3 day 'mailing period' in

calendaring the service date," id. at ¶6; and "[c]onsiderable effort was made to settle the case, which contributed to delaying discovery until the end of the period." Id. at ¶8. At most, the defendants argue that the untimeliness is the result of oversight. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief," however. Colorado Visionary, 194 F.R.D. at 687.

    IT IS ORDERED:

    (1)    The Deposition Motion [Doc. # 50] is GRANTED, and the case schedule is modified to the following extent:

    • The discovery cut-off is extended to and including **August 22, 2012**, solely to allow for the depositions of Floyd's pursuant to Rule 30(b)(6) and Paul and Karen O'Brien; and

    • The dispositive motion deadline is extended to and including **September 21, 2012**.

    (2)    The Written Discovery Motion [Doc. # 51] is DENIED.

Dated August 7, 2012.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge